_____



**SO ORDERED,**

*Jamie A. Wilson*

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: June 16, 2023**

The Order of the Court is set forth below. The docket reflects the date entered.

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## IN THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

IN RE:

BISON LAND & MINERALS, LLC                    CASE NO. 23-01140 JAW

### ORDER

This matter having come on for consideration upon the Motion to Require Escrowed Subchapter V Trustee Payments (the "Motion") (DK#23), filed herein by Robert Alan Byrd, Subchapter V Trustee (the "Trustee") and the Court having considered the Motion and being fully advised in the premises, does hereby find as follows, to-wit:

1. Notice and opportunity for a hearing were adequate and appropriate under the circumstances.

2. The Trustee has been appointed as the Subchapter V Trustee in this Chapter 11 case.

3. There is no statutory requirement for the Debtor-in-Possession in a Subchapter V case to pay, or even escrow, fees and expenses of the Trustee (or any Trustee for that matter) while the case is pending and before confirmation of a Plan.

4. In many instances, Subchapter V cases end up being dismissed, or converted to a case under Chapter 7, with no funds being paid to the Subchapter V Trustee.

5. In addition, a number of Subchapter V cases are filed that simply are not going to be able to submit a feasible Chapter 11 Plan, and the earlier the parties in the case know that, the better off everyone will be.

BYRD & WISER
ATTORNEYS AT LAW
145 MAIN STREET
P.O. BOX 1939
BILOXI, MISSISSIPPI 39533
TELEPHONE (228) 432-8123
FAX (228) 432-7029

6. Bearing all of these considerations in mind, the Court orders the Debtor to begin, immediately, depositing the sum of $1,000.00 per month, starting July 1, 2023, with the funds to be held in the Trustee's IOLTA Trust Account pending an application for compensation and notice and a hearing in connection with such application. The escrowed funds will be used to defray the Trustee's compensation, if any. After any allowance and payment of fees and expenses any excess funds shall be returned to the Debtor. Monthly payments will cease once the Trustee has the sum of $7,500.00 in the fee and expense escrow. Payments may resume pending further Order from the Court.

7. In the event the Debtor cannot afford to escrow $1,000.00 per month, or in the event the Debtor (or its equity security holders) are unwilling or unable to come up with $1,000.00 per month to fund an escrow, then the parties should know that sooner rather than later and take such actions as necessary.

8. The Trustee escrow payments shall be shown and reported on the Debtor's monthly operating reports.

9. Accordingly, the Court hereby grants the Motion.

###END OF ORDER###

APPROVED:

/S/CHRISTOPHER J. STEISKAL
OFFICE OF THE UNITED STATES TRUSTEE

BYRD & WISER
ATTORNEYS AT LAW
145 MAIN STREET
P.O. BOX 1939
BILOXI, MISSISSIPPI 39533
TELEPHONE (228) 432-8123
FAX (228) 432-7029