IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:     BISON LAND & MINERALS, LLC     CHAPTER 11
          Debtor     CASE NO. 23-01140-JAW

## 11 U.S.C. § 1188(c) STATUS REPORT

COMES NOW Bison Land & Minerals, LLC (the "Debtor") and files this its *11 U.S.C. § 1188(c) Status Report* (the "Report") and in support thereof with respect to show as follows, to-wit:

1. On May 15, 2023, the Debtor herein filed with this Court its Voluntary Petition for bankruptcy under Chapter 11 of the Bankruptcy Code (the "Petition"). The Honorable Robert A. Byrd has been appointed as the Subchapter V Trustee.

2. The Debtor has completed its Initial Debtor Interview and the § 341 Meeting of Creditors.

3. The history and background of the Debtor is complex, convoluted and uncertain. Geary Trigleth ("Mr. Trigleth") is a 45 year veteran of the oil and gas industry and has operated oil and gas wells during that period of time. He decided to retire several years ago, but learned of a project in Mississippi that brought him out of retirement. He formed the Debtor in 2019 to develop that oil and gas project in Mississippi (which never got underway). He also learned about an oil and gas opportunity in North Dakota.

4. He wanted to get some of the projects in North Dakota out of "mothballs." He was introduced to Greg Pollard ("Pollard"), and the two of them decided to work together on the North Dakota project. They were also introduced to Kenny Goh ("Goh") to form a working arrangement. Pollard and Goh ended up with minority equity security interests in the Debtor, while Mr. Trigleth was in control of operations for a period of time.

5. Mr. Trigleth obtained funding for most of the projects, he negotiated the purchase of a "drilling rig," upgraded and improved it, got permitted for drilling and began the process. He

created EnTec Services, LLC ("EnTec") to serve as the entity owning the drilling rig. Somewhere along the way, Mr. Trigleth, on the one hand, and Pollard and Goh, on the other hand, could not agree on how to work together and they decided to go their separate ways. Counsel for Pollard and Goh drafted an agreement reflecting the "going their separate ways" oral discussions, submitted it, the parties agreed to it but it was never executed. However, the parties operated as if the agreement had been in effect and an entity called Sparrow Oil & Gas ("Sparrow") was created for continuing work on the North Dakota projects. Mr. Trigleth "turned over" all the funds he was holding in escrow to Pollard, Goh and Sparrow and they were to complete the remaining percentage of the projects that had not been completed.

6. As if that scenario was not cloudy enough, what happened next becomes even more convoluted. Apparently, Sparrow transformed what should have been a $500,000 task to complete the wells into one that ran into the millions of dollars. As a result, numerous providers of goods and services in North Dakota went unpaid, and began filing liens against the projects. In the meantime, the owner of the drilling rig undertook efforts to obtain possession of it from EnTec, contrary to the agreements of the parties. The situation in North Dakota had become chaotic - numerous lawsuits were filed against the Debtor (and against EnTec, its affiliate) and Mr. Trigleth; an injunction was even entered prohibiting further action on Mr. Trigleth's behalf when all he was trying to do is complete the projects and begin production of oil. All of that chaotic situation resulted in the filing of Chapter 11 petitions by the Debtor and EnTec, its affiliate.

7. The Debtor has a plan to "fix" the problem, raise the additional funds needed to complete the wells (which have not been completed) and to begin production, that will be detailed in the forthcoming plan of reorganization.

8. No meaningful negotiations have occurred with any interests except the unsecured suppliers of goods and services who seem to be receptive to a plan to finish the wells and begin production.

THIS, the 27+4 day of June, 2023.

Respectfully submitted,

BISON LAND & MINERALS, LLC

By Its Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: /s/ Craig M. Geno
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Bison Land & Minerals, LLC\Pleadings\1188(c) Status Report 6-27-23.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Christopher J. Steiskal, Esq.
Office of the United States Trustee
christopher.j.steiskal@usdoj.gov

Robert A. Byrd, Esq.
Subchapter V Trustee
rab@byrdwiser.com

THIS, the 27+4 day of June, 2023.

/s/ Craig M. Geno
Craig M. Geno

-3-