Exhibit "4"

| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF RENVILLE | NORTHEAST JUDICIAL DISTRICT |

| | |
|---|---|
| Greg Pollard, Kiat Tze "Kenny" Goh, and Sparrow Oil & Gas LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Geary Trigleth, Bison Land & Minerals LLC, and EnTec Services, LLC,<br><br>Defendants. | Case No. 38-2023-CV-00007<br><br>COMPLAINT |

For their Complaint against Defendants Geary Trigleth ("Trigleth"), Bison Land & Minerals LLC ("Bison"), and EnTec Services, LLC ("EnTec") (collectively, "Defendants"), Plaintiffs Greg Pollard ("Pollard"), Kiat Tze "Kenny" Goh ("Goh"), and Sparrow Oil & Gas LLC ("Sparrow") (collectively, "Plaintiffs") state and allege as follows:

**FACTUAL BACKGROUND**

[¶ 1]   Pollard, Goh, and Trigleth are members of Bison, which was organized under the laws of the State of Delaware in 2019.

[¶ 2]   Pollard and Goh became members of Bison in March 2022, when each received an ownership share of Bison in exchange for their respective contributions. Pollard's contribution consisted of three oil and gas wells in Renville County (collectively, "the TOP wells").[1] Goh's contribution was capital.

[¶ 3]   Trigleth acted as the manager or managing member of the company at various relevant times.

---

[1] The three TOP wells are: (1) RUSCH 1, API No. 33-075-01283; (2) RUSCH 2, API No. 33-075-01298; and (3) FRANK W. MCCRORY 1, API No. 33-075-00163

[¶ 4]    Bison is an oil and gas exploration company focusing on activities in North Dakota, Mississippi, and Louisiana.  During the spring and summer of 2022, Bison prepared to drill the West Dry Creek 1H well, API No. 33-075-01491 ("West Dry Creek well"), in Renville County as part of the Smith Embayment Project.  The West Dry Creek well was to be a horizontal well.

[¶ 5]    Bison had acquired mineral leases for the West Dry Creek well and Smith Embayment Project.  Further, so Bison could raise additional capital necessary for drilling, Bison executed participation agreements with a number of third parties.

[¶ 6]    During the spring, summer, and fall of 2022, Bison prepared to commence drilling the West Dry Creek well.  This included, but was not necessarily limited to, submitting filings and materials to the North Dakota Industrial Commission ("Commission"), communicating with participants, budgeting, securing insurance/bonds, and otherwise making preparations.

[¶ 7]    Bison engaged EnTec Services, LLC ("EnTec") to drill the West Dry Creek well.  Upon information and belief, EnTec is owned and operated by Trigleth.  EnTec was present at the West Dry Creek well location by October 2022.

[¶ 8]    During the fall of 2022, Trigleth expressed frustration in that he was not receiving capital return for his investments into Bison and that Bison's projects were costing capital.

[¶ 9]    In November 2022, Bison received approval from the Commission to drill the West Dry Creek well.  On December 9, 2022, Bison's contractor EnTec spud the West Dry Creek well, while Pollard was present in North Dakota to oversee operations.

[¶ 10]   Prior to and around the time that the well was spud, Sparrow, Bison, Pollard, Goh, and Trigleth negotiated an agreement regarding certain of Bison's interests.

2

[¶ 11]  Under the material terms of the agreement, Sparrow Oil & Gas LLC would be assigned Bison's interests in North Dakota and take over operations of those wells, with Bison or another affiliate of Trigleth retaining a 15% carried working interest in the West Dry Creek well. Bison was also to transfer certain interests in Louisiana known as the "South Basile Project" to Sparrow under a farmout agreement, with Sparrow as operator and Bison retaining a 12.5% carried working interest.  Bison agreed to deliver at least a 75% net leasehold interest to Sparrow in the North Dakota and Louisiana interests.

[¶ 12]  In exchange, Pollard and Goh agreed to transfer to Bison or Trigleth's designee all of their right, title, and interest in certain Mississippi interests known as the "Flora Field Project", transfer their shares in Bison to Trigleth or his designee, and withdraw from Bison.

[¶ 13]  The parties mutually assented to the material terms of the agreement.

[¶ 14]  Trigleth did not travel to North Dakota to oversee drilling of the West Dry Creek well.  Rather, Pollard was on the ground in North Dakota and overseeing operations.

[¶ 15]  Pollard kept Trigleth apprised as to drilling operations, however, and Trigleth played a role with respect to invoices and costs of drilling.

[¶ 16]  Due to the rig breaking down, extreme winter weather conditions and storms, and personnel problems, drilling of the West Dry Creek well did not proceed as planned.

[¶ 17] Drilling operations for the West Dry Creek well concluded on or about January 16, 2023.  Drilling the West Dry Creek well had been successful.

[¶ 18]  Plans were thereafter made for completing the well and placing it into production. Completion operations, however, were unable to be scheduled and completed in January 2023.

[¶ 19]  The relationship between Trigleth, Pollard, and Goh began to deteriorate in early 2023.

3

[¶ 20]  After the West Dry Creek well was drilled but before it was completed and placed into production, Pollard expressed to Trigleth that problems encountered during the drilling of the West Dry Creek well caused the well to go over budget.  Pollard proposed a meeting between himself, Trigleth, and Goh.

[¶ 21]  Pollard and Goh also requested that Trigleth provide an accounting of the investors' funds (from participation agreements).  Upon information and belief, that amount was approximately $1.4 million.

[¶ 22]  Trigleth rejected providing the requested accounting and became enraged.

[¶ 23]  Trigleth sent numerous e-mails to Pollard and Goh that threatened them personally.

[¶ 24]  Beginning on or about February 7, 2023, Trigleth began communicating to Pollard and Goh threats to, among other things, plug the West Dry Creek well, plug the TOP wells, transfer Bison's North Dakota working interest, and otherwise harm Pollard and Goh.

[¶ 25]  Upon information and belief, Trigleth also sent communications to vendors used by Bison in connection with its operations in North Dakota that were disparaging to Pollard and Goh.

[¶ 26]  Upon information and belief, Trigleth also sent communications to working interest owners in the West Dry Creek well that were disparaging to Pollard and Goh.

[¶ 27]  Upon information and belief, Trigleth is planning to sell off Bison's working interest in the West Dry Creek well to the detriment of Pollard, Goh, and Sparrow.  Trigleth has, in fact, communicated to third parties that Bison is selling a certain percentage of the remaining working interest.

4

[¶ 28] If Trigleth is not prevented from plugging or shutting in wells operated by Bison, selling off Bison's working interests, recklessly contacting vendors and non-operating interest owners, and otherwise taking any action on behalf of Bison that would be injurious to the wells and to the interests of Pollard, Goh, and/or Sparrow, Plaintiffs will be irreparably harmed.

[¶ 29] Upon information and belief, Trigleth is arranging for activities to take place at the West Dry Creek well.

[¶ 30] Trigleth has refused to provide Pollard and Goh information regarding the planned operations, despite the fact that Pollard and Goh are still members of Bison. Trigleth has also refused to provide an accounting. Trigleth has also attempted to wrongfully exclude Pollard and Goh from Bison.

## COUNT I
## Declaratory Relief

[¶ 31] Plaintiffs hereby incorporate by reference the preceding Paragraphs of this Complaint as though fully set forth herein.

[¶ 32] Based on the foregoing a case and controversy exists between Plaintiffs and Defendants that warrants declaratory relief.

[¶ 33] Pursuant to Chapter 32-23 of the North Dakota Century Code, Plaintiffs are entitled to declarations that: (1) Trigleth owed, and continues to owe, Pollard and Goh fiduciary duties as they are members of Bison; (2) the parties agreed that Bison would assign certain interests to Sparrow; and (3) Pollard and Goh are entitled to an accounting from Bison.

## COUNT II
## Injunctive Relief

[¶ 34] Plaintiffs hereby incorporate by reference the preceding Paragraphs of this Complaint as though fully set forth herein.

5

[¶ 35]  Trigleth has made numerous threats to take action on behalf of Bison or EnTec that would be harmful to Plaintiffs' interests in Bison and assets currently held by Bison, including threatening to plug and abandon wells operated by Bison and threatening to dilute Bison's working interest in wells that it operates.  Upon information and belief, EnTec may also intend to take action harmful to Plaintiffs' interests that Plaintiffs also seek to prevent.

[¶ 36]  If Defendants are not prohibited from plugging or otherwise damaging any of the oil and gas wells Bison operates, Plaintiffs will suffer irreparable injury.

[¶ 37]  If Defendants are not prohibited from transferring Bison's working interest, Plaintiffs will suffer irreparable injury.

[¶ 38]  Pursuant to Chapter 32-05 of the North Dakota Century Code, Plaintiffs are entitled to an injunction prohibiting Defendants from plugging or otherwise irreparably harming any of the wells, continuing any operations while excluding Pollard and Goh, and transferring Bison's working interest.

## COUNT III
### Specific Performance

[¶ 39]  Plaintiffs hereby incorporate by reference the preceding Paragraphs of this Complaint as though fully set forth herein.

[¶ 40]  Plaintiffs and Defendants contractually agreed that Bison would transfer certain interests to Sparrow in exchange for consideration.

[¶ 41]  Plaintiffs have offered and tendered full performance.  Plaintiffs are ready, willing, and able to complete the agreement.

[¶ 42]  Defendants have refused, and continue to refuse, to perform their obligations under the contractual agreement.

[¶ 43]  Plaintiffs have no plain, speedy, and adequate legal remedy for Defendants' breach.

[¶ 44]  Plaintiffs are accordingly entitled to an order from the Court requiring Defendants to perform the assignment from Bison to Sparrow, pursuant to the agreed to terms between the parties.

## COUNT IV
## Contractual Damages

[¶ 45]  Plaintiffs hereby incorporate by reference the preceding Paragraphs of this Complaint as though fully set forth herein.

[¶ 46]  Count IV is pled in the alternative to Count III.

[¶ 47]  By reason of Defendants failure to perform on the parties' contractual agreement, Plaintiffs have sustained contractual damages.

[¶ 48]  If specific performance cannot be granted, Plaintiffs are entitled to damages.

## COUNT V
## Breach of Fiduciary Duties / Duties of Care

[¶ 49]  Plaintiffs hereby incorporate by reference the preceding Paragraphs of this Complaint as though fully set forth herein.

[¶ 50]  As the manager or managing member of Bison, Trigleth owed other members of Bison, including Pollard and Goh, fiduciary duties and duties of care.

[¶ 51]  The members of Bison did not unanimously and unambiguously agree to limit or otherwise remove duties that Trigleth owed Bison's members, including Pollard and Goh.

[¶ 52]  Trigleth breached duties owed to Pollard and Goh.

[¶ 53]  Pollard and Goh sustained damages as a result, in an amount to be proven at trial.

## COUNT VI
## Breach of Contractual Duties

[¶ 54] Plaintiffs hereby incorporate by reference the preceding Paragraphs of this Complaint as though fully set forth herein.

[¶ 55]  Count VI is pled in the alternative to Count V.

[¶ 56]  In the event the members of Bison did agree to limit and define duties Trigleth owed members of Bison by virtue of an operating agreement, Trigleth breached those contractual duties.

[¶ 57]  Pollard and Goh sustained damages as a result, in an amount to be proven at trial.

## COUNT VII
## Request for Accounting

[¶ 58] Plaintiffs hereby incorporate by reference the preceding Paragraphs of this Complaint as though fully set forth herein.

[¶ 59]  As the manager or managing member of Bison, Trigleth's fiduciary duties to Pollard and Goh include the duty to render a full and complete accounting of all Bison accounts.

[¶ 60]  Upon information and belief, Bison maintains multiple accounts, including an operating account and a separate account in which investors' funds were maintained for development of the Smith Embayment Project.  Trigleth controls the accounts, and Pollard and Goh do not have access to them.

[¶ 61]  As part of the agreement for the assignment of Bison's interests in North Dakota to Sparrow, Defendants were to transfer all their rights and interest in the Smith Embayment Project, including all investor funds for development of the project, to Sparrow.

8

[¶ 62] The accounts are mutual and/or complicated due to their number and Trigleth's exclusive access and control of them.

[¶ 63] There is a need for discovery because Defendants have failed and refused to provide a full and complete accounting and Plaintiffs do not have access to the accounts.

[¶ 64] Additionally, and independently from Plaintiffs' right to an accounting for the reasons above, Pollard and Goh are entitled to inspect and review any and all records maintained by Bison. *See* N.D.C.C. § 10-32.1-42.

[¶ 65] While Bison was organized under the laws of the State of Delaware, Delaware's inspection statute is limited to cases filed in Delaware. *See* Del. Code Ann. tit. 6, § 18-305. As such, North Dakota's statutory scheme regulating limited liability companies governs on the topic of inspecting and reviewing Bison's records as part of this case.[2]

[¶ 66] To the extent necessary, Pollard and Goh are entitled to declaratory relief determining they are entitled to inspect and review Bison's records.

[¶ 67] Accordingly, Pollard and Goh are entitled to a full and complete accounting from Trigleth and Bison, and they are also entitled to inspect and review Bison's records pursuant to N.D.C.C. § 10-32.1-42.

---

[2] Other courts have reached similar conclusions concerning requests to inspect records of a Delaware entity in cases filed outside of the State of Delaware. *See Havlicek v. Coast-to-Coast Analytical Services, Inc.*, 46 Cal. Rptr. 2d 696, 697 (Cal. App. 2d Dist. 1995) (California statute permitting inspection applied in case involving Delaware corporation); *Sachs v. Adeli*, 26 A.D.3d 52, 58 (N.Y. App. Div. 2005) (New York law applied with respect to inspecting a Delaware LLC's records, notwithstanding Del. Code Ann. tit. 6, § 18-305).

**REQUEST FOR RELIEF**

[¶ 68] **WHEREFORE**, Plaintiffs request judgment as follows:

    a.    That a judgment be entered under Chapter 32-23 of the North Dakota Century Code declaring that (1) Trigleth owed, and continues to owe, Pollard and Goh fiduciary duties as they are members of Bison, (2) the parties agreed that Bison would assign certain interests to Sparrow, and (3) Pollard and Goh are entitled to an accounting of Bison;

    b.    That a judgment be entered under Chapter 32-05 of the North Dakota Century Code enjoining Defendants from (1) plugging, abandoning, or otherwise damaging any of the oil and gas well for which Bison is an operator, (2) continuing any operations while excluding Pollard and Goh, and (3) transferring Bison's working interest:

    c.    That a judgment and order be entered that Defendants be required to specifically perform the contractual agreement transferring certain of Bison interests and assets to Sparrow in exchange for agreed upon consideration;

    d.    If specific performance cannot be granted, a judgment that Plaintiffs are entitled to contractual damages;

    e.    A judgment that Pollard and Goh are entitled to recover damages for Trigleth's breaches of fiduciary duties, duties or care, and/or contractual duties owed to Pollard and Goh;

    f.    A judgment granting Pollard and Goh a full and complete accounting from Defendants;

g. A judgment and declaration granting Pollard and Goh a right to inspect and review any and all records maintained by Bison;

h. That a judgment be entered awarding Plaintiffs their costs, and to the extent allowed by applicable law, reasonable attorneys' fees; and

i. Such further relief as the Court deems proper.

## JURY DEMAND

[¶ 52] Plaintiffs hereby demand trial by a jury of six on all issues triable by jury.

Dated this 10th day of March, 2023.

FREDRIKSON & BYRON, P.A.

By: /s/Spencer D. Ptacek
Lawrence Bender (#03908)
Spencer D. Ptacek (#08295)
Alexander T. Tsomaya (#07978)
1133 College Drive, Suite 1000
Bismarck, ND 58501-1215
(701) 221-8700
lbender@fredlaw.com
sptacek@fredlaw.com
atsomaya@fredlaw.com

*Attorneys for Plaintiffs Greg Pollard, Kiat Tze "Kenny" Goh, and Sparrow Oil & Gas LLC*

78609394 v1