___



**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: September 21, 2023**

**The Order of the Court is set forth below. The docket reflects the date entered.**
___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:

BISON LAND & MINERALS, LLC,                                      CASE NO. 23-01140-JAW

DEBTOR.                                                                                      CHAPTER 11

**ORDER GRANTING MOTION TO WITHDRAW**
**AS COUNSEL FOR THE DEBTOR-IN-POSSESSION**

This matter came before the Court on the Motion to Withdraw as Counsel for the Debtor-in-Possession (the "Motion to Withdraw") (Dkt. #93) filed by the Law Offices of Craig M. Geno, PLLC and Craig M. Geno (collectively, "Geno") in the above-styled bankruptcy case (the "Bankruptcy Case"). Geno seeks this Court's permission, pursuant to Rule 9010-1(b)(5)(B) of the Uniform Local Rules of the U.S. Bankruptcy Courts for the Northern and Southern Districts of Mississippi ("Local Rule 9010-1(b)(5)"), to withdraw as counsel for the debtor, EnTec Services, LLC (the "Debtor"), in this Bankruptcy Case on the ground that "[i]rreconcilable differences have arisen by, between and among [Geno] and Geary Trigleth, current representative of the Debtor." (Dkt. #93). In the Motion to Withdraw, Geno does not elaborate on the nature of these irreconcilable differences. They become apparent, however, from the allegations contained in the Motion to Withdraw Motion for Authority to Sell Equipment Outside the Ordinary Course of Business Free and Clear of Liens, Claims and Interests (the "Motion to Withdraw Sale Motion") filed in the

bankruptcy case of an affiliated debtor, EnTec Services, LLC, Case No. 23-01141-JAW, Dkt. #97. In the Motion to Withdraw Sale Motion, Geno alleges that "[w]hen [he] advised Mr. Trigleth that he was still to continue in his role as Debtor's counsel until such time as he was relieved of that role, Mr. Trigleth sent one email, as part of a barrage of profane, vulgar and insulting emails, advising counsel not to expect anything from him and not to contact him." (Case No. 23-01141-JAW, Dkt. #97). The emails attached to the Motion to Withdraw Sale Motion establish that irreconcilable differences have arisen justifying Geno's withdraw as Debtor's counsel.[1]

Based on the allegations in the Motion to Withdraw and the Motion to Withdraw Sale Motion, the Court finds that the Motion to Withdraw satisfies the requirements of Local Rule 9010-1(b)(5), that Geno has shown good cause for withdrawing from this Bankruptcy Case, and that the Debtor has had sufficient notice of the withdrawal of his representation. *See In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). The Court will grant the Debtor thirty (30) days from the date of this Order to obtain substitute counsel.

The Court finds it appropriate to state its expectations regarding the future administration of the Bankruptcy Case. A hearing on the Motion to Dismiss or, Alternatively, to Modify the Automatic Stay (Dkt. #58) and on confirmation of the Debtor's Subchapter V Plan of Reorganization (Dkt. #68) is scheduled for November 15-17, 2023 (the "Hearing"). (Dkt. #82, #83). Although the Court is granting the Debtor thirty (30) days to obtain substitute counsel, new counsel should be retained well in advance of that Hearing. In that regard, "the long standing and consistent court interpretation of [28 U.S.C.] § 1654 is that [a corporation] must be represented by licensed

---

[1] The Court notes that motions to withdraw have also been filed by bankruptcy counsel in: (1) the chapter 11 case of the Debtor's affiliate, EnTec Services, LLC, Case No. 23-01141-JAW, where Geary Trigleth also serves as the debtor's representative, and (2) Geary Trigleth's individual chapter 11 case, Case No. 23-01504-JAW.

counsel." *Sw. Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only though licensed counsel."). Thus, Geary Trigleth, who is not a licensed attorney, may not represent the Debtor at the Hearing, file pleadings, or otherwise appear on behalf of the Debtor in this Bankruptcy Case. Moreover, the failure of the Debtor to obtain substitute counsel may result in the dismissal of the Bankruptcy Case without further notice or hearing.

IT IS, THEREFORE, ORDERED that the Motion to Withdraw is hereby granted and Geno is hereby authorized to withdraw as counsel for the Debtor. Geno shall immediately provide a copy of this Order to the Debtor and shall notify the Clerk's Office of the Debtor's current email and mailing address.

IT IS FURTHER ORDERED that the Debtor shall have thirty (30) days from the date of this Order to obtain substitute counsel. **The Debtor's failure to retain legal counsel within thirty (30) days from the date of this Order may result in the dismissal of the Bankruptcy Case without further notice or hearing.**

##END OF ORDER##