_____



SO ORDERED,

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: September 22, 2023**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

    **BISON LAND & MINERALS LLC,**       CASE NO. 23-01140-JAW

        **DEBTOR.**      CHAPTER 11

**IN RE:**

    **ENTEC SERVICES, LLC,**       CASE NO. 23-01141-JAW

        **DEBTOR.**      CHAPTER 11

**IN RE:**

    **GEARY TRIGLETH**      CASE NO. 23-01504-JAW

        **DEBTOR.**      CHAPTER 11

To:    Bison Land & Minerals LLC
       c/o Geary Trigleth

       EnTec Services, LLC
       c/o Geary Trigeth

       Geary Trigleth, *pro se*

## ORDER TO SHOW CAUSE

You are hereby ordered to appear for a telephonic hearing on September 29, 2023, at 9:00 a.m. (the "Show Cause Hearing"), and show cause why the above-referenced bankruptcy cases (the

"Bankruptcy Cases") should not be dismissed. See 11 U.S.C. § 1112(b). **The dial-in number for the telephonic hearing is 877-336-1839; Access Code: 827999.** The Court issues this Order to Show Cause because of the seriousness of the allegations contained in the Emergency Motion for Injunctive Relief and Sanctions Against Geary Trigleth filed by Sparrow Oil & Gas LLC, Greg Pollard, and Kiat "Kenny" Tze Goh (collectively the "Sparrow Creditors") in the chapter 11 bankruptcy cases of Bison Land & Minerals LLC (No. 23-01140-JAW Dkt. #99), EnTec Services, LLC (No. 23-01141-JAW Dkt. #104), and Geary Trigleth (No. 23-01504-JAW Dkt. #67) (collectively, the "Debtors"). These allegations include the following:

1. That Geary Trigleth is the managing and majority member of Bison Land & Minerals LLC ("Bison") and sole owner of EnTec Services, LLC ("EnTec") and is the debtor in his individual bankruptcy case.

2. That the Sparrow Creditors filed motions to dismiss in each of the Bankruptcy Cases (No. 23-01140-JAW Dkt. #58; No. 23-01141-JAW Dkt. #54; No. 23-01504-JAW Dkt. #32). The allegations in the motions to dismiss detail Geary Trigleth's outrageous conduct, both pre- and post-petition. According to the Sparrow Creditors, Geary Trigleth's conduct reveals that he filed the Bankruptcy Cases to thwart the litigation filed against the Debtors in North Dakota.

3. That before and after the Bankruptcy Cases were filed, Geary Trigleth sent a barrage of profanity-laced and shockingly offensive emails and text messages to the Sparrow Creditors and their attorneys.

4. That earlier this week, Geary Trigleth escalated the outrageous nature of his communications. His latest barrage of messages to the Sparrow Creditors include insults and threats directed not only at the Sparrow Creditors and their counsel but also at their families. Some of these communications include threats of physical violence.

5. That Geary Trigleth has begun sending harassing and potentially threatening emails to his prior counsel in his individual bankruptcy case and prior counsel for Bison and EnTec in their bankruptcy cases.

6. That Geary Trigleth lacks the temperament, judgment, and business acuity to manage Bison and EnTec as debtors-in-possession. His atrocious conduct indicates that he filed these Bankruptcy Cases and is managing Bison and EnTec solely for his own goal of depriving the Sparrow Creditors of their equity interests and reaping future profits from the assets of these bankruptcy estates for his own benefit.

Section 1112(b) allows a bankruptcy court to dismiss a chapter 11 case "for cause," when it is in the best interest of the creditors and the estate. Examples of "cause" set forth in the statute include a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," "gross mismanagement of the estate," "failure to maintain appropriate insurance that poses a risk to the estate or to the public," "unauthorized use of cash collateral," and "failure to comply with an order of the court." 11 U.S.C. § 1112(b)(4). That list, however, is not exhaustive. Instead, the "inquiry under § 1112 is case-specific, focusing on the circumstances of each debtor." *United Savs. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)*, 808 F.2d 363, 371-72 (5th Cir. 1987).

In addition, this Court has the inherent power and authority to dismiss the Bankruptcy Cases as a sanction for Geary Trigleth's behavior. *See* 11 U.S.C. § 105; *In re Odam*, No. 17-50035, 2019 WL 1752584, at *4 (Bankr. N.D. Tex. Apr. 17, 2019) ("The Court possesses authority to dismiss [the debtor]'s case without request from a party in interest"); *In re McMahan*, 481 B.R. 901, 915 (Bankr. S.D. Tex. 2012) (describing bankruptcy court's authority to consider the potential for abuse in every case and issue any order necessary or appropriate to prevent abuse).

Accordingly, the Court sets the Show Cause Hearing to take place telephonically at the above date and time to determine whether it is in the best interest of the creditors and the estate to dismiss the Bankruptcy Cases.

##END OF ORDER##