United States Bankruptcy Court
Southern District of Mississippi

In re: Case No. 23-01140-JAW
Bison Land & Minerals, LLC Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0538-3     User: mssbad     Page 1 of 2
Date Rcvd: Sep 29, 2023     Form ID: pdf012     Total Noticed: 2

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 01, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dbpos | + | Bison Land & Minerals, LLC, 240 Buckhead Drive, Madison, MS 39110-6616 |
| intp  | + | Geary Trigleth, 240 Buckhead Drive, Madison, MS 39110-6616 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 01, 2023      Signature:     /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 29, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Abigail M. Marbury | on behalf of U.S. Trustee United States Trustee abigail.m.marbury@usdoj.gov anita.f.benson@usdoj.gov |
| Christopher H Meredith | on behalf of Attorney Copeland Cook, Taylor & Bush, P.A. cmeredith@cctb.com, bankruptcy-group@cctb.com;CCTBbankruptcyteam@ecf.courtdrive.com |
| Christopher H Meredith | on behalf of Creditor Farden Construction Inc. cmeredith@cctb.com, bankruptcy-group@cctb.com;CCTBbankruptcyteam@ecf.courtdrive.com |
| Christopher H Meredith | on behalf of Creditor Stevens Welding and Machine LLC cmeredith@cctb.com bankruptcy-group@cctb.com;CCTBbankruptcyteam@ecf.courtdrive.com |
| Christopher J. Steiskal, Sr. | |

District/off: 0538-3     User: mssbad     Page 2 of 2
Date Rcvd: Sep 29, 2023     Form ID: pdf012     Total Noticed: 2

| | |
|---|---|
| | on behalf of U.S. Trustee United States Trustee christopher.j.steiskal@usdoj.gov sarita.dukes@usdoj.gov |
| Robert A. Byrd | rab@byrdwiser.com rbyrd@ecf.axosfs.com |
| Robert Alan Byrd | on behalf of Trustee Robert A. Byrd rab@byrdwiser.com wrs@byrdwiser.com;WandaRitaStanovich@gmail.com |
| Timothy J. Anzenberger | on behalf of Creditor Kiat Tze Goh tim.anzenberger@arlaw.com amy.nichols@arlaw.com |
| Timothy J. Anzenberger | on behalf of Creditor Greg Pollard tim.anzenberger@arlaw.com amy.nichols@arlaw.com |
| Timothy J. Anzenberger | on behalf of Creditor Sparrow Oil & Gas LLC tim.anzenberger@arlaw.com amy.nichols@arlaw.com |
| United States Trustee | USTPRegion05.JA.ECF@usdoj.gov |

TOTAL: 11

_____



**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: September 29, 2023**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:

    BISON LAND & MINERALS LLC,           CASE NO. 23-01140-JAW

        DEBTOR.                                                   CHAPTER 11

IN RE:

    ENTEC SERVICES, LLC,                    CASE NO. 23-01141-JAW

        DEBTOR.                                                     CHAPTER 11

IN RE:

    GEARY TRIGLETH                            CASE NO. 23-01504-JAW

        DEBTOR.                                                   CHAPTER 11

**ORDER DISMISSING BANKRUPTCY CASES**

This matter came before the Court for a telephonic hearing on September 29, 2023 (the "Hearing") on the Orders to Show Cause ("Show Cause Orders") issued in the chapter 11 bankruptcy cases of Bison Land & Minerals LLC (No. 23-01140-JAW Dkt. #100), EnTec Services, LLC (No. 23-01141-JAW Dkt. #105), and Geary Trigleth (No. 23-01504-JAW Dkt. #68) (collectively, the "Bankruptcy Cases"). The Court issued the Show Cause Orders because of the seriousness of the allegations contained in the Emergency Motion for Injunctive Relief and Sanctions Against Geary

Trigleth (the "Emergency Motion") (No. 23-01140-JAW Dkt. #99; No. 23-01141-JAW Dkt. #104; No. 23-01504-JAW Dkt. #67) filed by Sparrow Oil & Gas LLC, Greg Pollard, and Kiat "Kenny" Tze Goh (collectively the "Sparrow Creditors") on September 22, 2023. These allegations include the following:

1. That Geary Trigleth is the managing and majority member of Bison Land & Minerals LLC ("Bison") and sole owner of EnTec Services, LLC ("EnTec") and is the debtor in his individual bankruptcy case (collectively, the "Debtors").

2. That the Sparrow Creditors filed motions to dismiss in each of the Bankruptcy Cases (No. 23-01140-JAW Dkt. #58; No. 23-01141-JAW Dkt. #54; No. 23-01504-JAW Dkt. #32). The allegations in the motions to dismiss detail Geary Trigleth's outrageous conduct, both pre- and post-petition. According to the Sparrow Creditors, Geary Trigleth's conduct reveals that he filed the Bankruptcy Cases to thwart the litigation filed against the Debtors in North Dakota.

3. That before and after the Bankruptcy Cases were filed, Geary Trigleth sent a barrage of profanity-laced and shockingly offensive emails and text messages to the Sparrow Creditors and their attorneys.

4. That earlier this week, Geary Trigleth escalated the outrageous nature of his communications. His latest barrage of messages to the Sparrow Creditors included insults and threats directed not only at the Sparrow Creditors and their counsel but also at their families. Some of these communications included threats of physical violence.

5. That Geary Trigleth has begun sending harassing and potentially threatening emails to his prior counsel in his individual bankruptcy case and prior counsel for Bison and EnTec in their bankruptcy cases.

6. That Geary Trigleth lacks the temperament, judgment, and business acuity to manage Bison and EnTec as debtors-in-possession. His atrocious conduct indicates that he filed these Bankruptcy Cases and is managing Bison and EnTec solely for his own goal of depriving the Sparrow Creditors of their equity interests and reaping future profits from the assets of these bankruptcy estates for his own benefit.

Attached to the Emergency Motion are copies of the emails and text messages sent by Geary Trigleth.

One day before the Hearing, the Sparrow Creditors filed the Supplement to Emergency Motion for Injunctive Relief and Sanctions against Geary Trigleth (No. 23-01140-JAW Dkt. #104; No.

23-01141-JAW Dkt. #110; No. 23-01504-JAW Dkt. #72). Apparently, on Monday, September 25, 2023, Geary Trigleth responded to the filing of the Emergency Motion by sending another string of threatening text messages to the Sparrow Creditors. In one of the messages, Geary Trigleth wrote: "I have notified everyone, I'm not paying a f***ing penny." No. 23-01140-JAW Dkt. #104-1; No. 23-01141-JAW Dkt. #110-1; No. 23-01504-JAW Dkt. #72-1).

At the Hearing, Geary Trigleth represented himself; Timothy J. Anzenberger represented the Sparrow Creditors; Christopher H. Meredith represented Farden Construction, Inc. and Stevens Welding and Machine LLC; Craig M. Geno ("Geno"), former counsel for Bison and EnTec, appeared on his own behalf as an administrative claimant of the estates;[1] and Christopher J. Steiskal appeared on behalf of David W. Asbach, Acting U.S. Trustee for Region 5. Robert Byrd, the subchapter V trustee in the Bison and EnTec bankruptcy cases, also appeared. No attorney appeared on behalf of Bison or EnTec.

No one opposed the dismissal of the Bankruptcy Cases at the Hearing. Geary Trigleth stated that he had no interest in moving forward with the Bankruptcy Cases and that he planned to leave the country and move abroad. (Hr'g at 9:09-9:10, 9:18-9:19 (Sept. 29, 2023)).[2] He admitted sending text messages and emails but could not recall the specific messages in question. He was emphatic, however, that what he sent, he meant. (Hr'g at 9:07). He expressed no remorse or explanation for his conduct.

The Sparrow Creditors asked the Court to dismiss the Bankruptcy Cases in light of Geary Trigleth's conduct and the availability of another forum in North Dakota to resolve the parties' dispute. The other creditors who appeared at the Hearing joined in the Sparrow Creditors' request.

---

[1] Orders granting Craig M. Geno's motions to withdraw as counsel for Bison and EnTec were entered on September 21, 2023. (No. 23-01140-JAW Dkt. #98; No. 23-01141-JAW Dkt. #103).

[2] The Hearing was not transcribed. Citations are to the timestamp of the audio recording.

The UST, Geno, and the subchapter V trustee generally echoed the concerns of the Court regarding Geary Trigleth's temperament, willingness, and ability to manage the Bankruptcy Cases. Geno, however, asked the Court to retain jurisdiction to consider his and the subchapter V trustee's administrative expense claims.

Section 1112(b) allows a bankruptcy court to dismiss a chapter 11 case "for cause," when it is in the best interest of the creditors and the estate. Examples of "cause" set forth in the statute include a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," "gross mismanagement of the estate," "failure to maintain appropriate insurance that poses a risk to the estate or to the public," "unauthorized use of cash collateral," and "failure to comply with an order of the court." 11 U.S.C. § 1112(b)(4). That list, however, is not exhaustive. Instead, the "inquiry under § 1112 is case-specific, focusing on the circumstances of each debtor." *United Savs. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)*, 808 F.2d 363, 371-72 (5th Cir. 1987). In addition, this Court has the inherent power and authority to dismiss the Bankruptcy Cases as a sanction for Geary Trigleth's behavior. *See* 11 U.S.C. § 105; *In re Odam*, No. 17-50035, 2019 WL 1752584, at *4 (Bankr. N.D. Tex. Apr. 17, 2019) ("The Court possesses authority to dismiss [the debtor]'s case without request from a party in interest"); *In re McMahan*, 481 B.R. 901, 915 (Bankr. S.D. Tex. 2012) (describing bankruptcy court's authority to consider the potential for abuse in every case and issue any order necessary or appropriate to prevent abuse).

The Court finds that Geary Trigleth's escalating threats and profane language provide ample cause to dismiss the Bankruptcy Cases. *See* 11 U.S.C. §§ 105, 1112(b). In particular, Geary Trigleth's expletive-filled message that he does not intend to pay any creditors demonstrates an egregious abuse of the bankruptcy system. Moreover, Geary Trigleth made it clear at the Hearing

that he had no intention of moving forward with the Bankruptcy Cases and planned to leave the country. These facts justify the immediate dismissal of the Bankruptcy Cases. The Court, however, will retain jurisdiction in the Bison and EnTec bankruptcy cases to adjudicate administrative expense claims.

IT IS THEREFORE ORDERED that the Bankruptcy Cases are hereby dismissed except that the Court will retain jurisdiction in the Bison and EnTec bankruptcy cases for the limited purpose of adjudicating administrative expense claims.

IT IS FURTHER ORDERED that any motion for the allowance and payment of any administrative expense claim in the Bison or EnTec bankruptcy case must be filed no later than fourteen (14) days from the date of this Order.

##END OF ORDER##